(90 South. 537)

No. 24912.

## STATE v. CAIN.

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⊚⇒598(2)—**Denial of continuance for absence of witness proper, in absence of showing of diligence.**

Denial of motion for continuance for absence of witnesses *held* proper, where there was no showing of diligence to procure witness' presence during trial.

2. **Criminal law** ⊚⇒1144(7)—**Denial of continuance for absence of witness who was ill presumed proper.**

Where motion for continuance for absence of witness who was very ill with tuberculosis was denied, in absence of request to have the jury taken to the bedside of the witness, it will be presumed on appeal that he was so ill that there was no hope of ever obtaining his testimony, or that the defendant was not insistent upon having the testimony.

3. **Indictment and information** ⊚⇒189(3)—**Indictment, charging shooting with intent to murder, held to sustain conviction for shooting with intent to kill.**

Indictment, charging that defendant shot prosecuting witness "with the intent * * * to kill and murder" *held* to sustain conviction for shooting with intent to kill, since a charge of the crime of shooting with intent to murder includes the charge of shooting with intent to kill.

4. **Indictment and information** ⊚⇒187—**Indictment, charging shooting with intent "to kill and murder," held sufficient.**

Indictment, charging that defendant shot prosecuting witness "with the intent * * * to kill and murder," *held* sufficient, as against contention that it did not set forth or define the crime, either of shooting with intent to murder, or of shooting with intent to kill, since it is not possible to accuse a person of the crime of shooting with intent to murder without at the same time accusing him of shooting with intent to kill.

5. **Homicide** ⊚⇒141(1)—**Indictment charging shooting with intent to kill and murder held sufficient.**

Indictment, charging that defendant shot prosecuting witness "with the intent * * *

to kill and murder," *held* sufficient, as against contention that it did not inform defendant of whether he would be prosecuted for shooting with intent to murder or for shooting with intent to kill.

**6. Indictment and information** ⚖125(41)— **Shooting with intent to murder and shooting with intent to kill may be charged in same indictment.**

Shooting with intent to kill, and shooting with intent to murder may be charged in the same indictment.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

John E. Cain was convicted of shooting with intent to kill, and he appeals. Affirmed.

L. K. Watkins, of Minden, for appellant.

A. V. Coco, Atty. Gen., R. H. Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

BAKER, J. Appellant was indicted for the crime of shooting with intent to commit murder, and was convicted of shooting with intent to kill. The record contains three bills of exceptions.

[1, 2] The first bill was reserved to the overruling of defendant's motion for a continuance. The motion was founded upon the alleged absence of three witnesses, whose testimony, it appears, would have been important and material. The bill contains the statement that one of the witnesses referred to was present in court during the trial; that another "was away on a summer trip and had not been summoned"; and that the defendant had just then learned, on the day his case was called for trial, of the facts which the absent witness would testify to, and had thereupon obtained a subpoena for the witness to appear instanter. The bill contains the statement also that the third witness referred to "was very ill with tuberculosis, and it was not shown, nor did the court believe, there was any hope that he would be in court at any future time."

150 La.—5

It does not appear that any evidence was taken in support of the motion for a continuance. As to the witness who was said to be away on a summer trip, no showing was made of any diligence having been used to have him present.

As to the witness who was afflicted with tuberculosis, the motion for a continuance, which was made part of the bill of exceptions, contains the averment that defendant's counsel gave an order to summon him in due time; that defendant understood and believed that the subpoena was issued, but that, because of the illness of the witness, the sheriff did not serve the subpoena. The subpoena was not offered in evidence on the trial of the motion for a continuance, and it is not in the record. We assume that the sheriff made a return on the subpoena, showing how it was served, or why it was not served. There is no reason that the defendant was denied the right, which the Constitution guaranteed him, to have compulsory process for obtaining the testimony of the witness. As no request was made to have the jury taken to the bedside of the witness, we assume that he was so ill there was no hope for ever obtaining his testimony, or that the defendant was not insistent upon having the testimony.

The second bill of exception was reserved to the overruling of defendant's motion for a new trial. Besides reiteration of the complaint against the overruling of the motion for a continuance, the motion for a new trial contained only the formal averment that the verdict was contrary to the law and the evidence, which averment, of course, does not present any question of law for this court to review.

[3-6] The third bill of exceptions was reserved to the overruling of the motion in arrest of judgment. The motion contained four complaints, all of which are without merit, viz.: (1) That the charge in the in-

dictment did not set forth or define the crime either of shooting with intent to murder or of shooting with intent to kill; (2) that the indictment did not inform the defendant of whether he would be prosecuted for shooting with intent to murder or for shooting with intent to kill; (3) that shooting with intent to murder and shooting with intent to kill were separate and distinct offenses, which could not be charged in one indictment; and (4) that the verdict convicting defendant of shooting with intent to kill was not responsive to the indictment, if the latter was a valid indictment for shooting with intent to murder. `

The indictment charged, very accurately and according to the statute, that—

On the date stated the defendant "feloniously did shoot one John S. Crowson with a dangerous weapon, commonly called a pistol, with the intent then and there him the said John S. Crowson, willfully, feloniously, and of his malice aforethought to kill and murder, contrary to the form of the statute," etc.

It is not possible to accuse a person of the crime of shooting with intent to murder without at the same time accusing him of shooting with intent to kill. One who is indicted for the more serious of the two crimes is well informed that he may be convicted either of that or of the less serious crime.

For the foregoing reasons, the verdict and sentence appealed from are affirmed.